IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELENA MAE ASHFORD,

    Plaintiff,

v.

NEBRASKA FURNITURE MART, INC., et al.,

    Defendants.

Case No. 17-cv-02097-DDC-GLR

**MEMORANDUM AND ORDER**

    Originally, plaintiff sued four defendants in this case: Nebraska Furniture Mart, Inc.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC. Doc. 1. For reasons that properly are her own, plaintiff has decided to stop litigating with three of them—Experian (Doc. 16), Trans Union (Doc. 17), and Equifax (Doc. 18). Her filings invoke a variety of Rule 41's tools to pursue this end.

    For Experian, plaintiff invoked Fed. R. Civ. P. 41(a)(1) and calls her filing a "Dismissal of All Plaintiff's Claims" against that defendant. The content of this filing asserts that plaintiff "dismisses the above-captioned action, including all [of her] claims against [Experian] only." Doc. 16. Plaintiff replicates this filing for defendant Equifax, using the same title, invoking the same subpart of Rule 41, and employing the same operative language. Doc. 18. Neither the Experian nor the Equifax filing specifies whether the desired dismissal is with or without prejudice. So, Rule 41(a)(1)(B) would treat these dismissals as ones without prejudice.

    Plaintiff's dismissal filing for defendant Trans Union, the only defendant to plead a response to her Complaint, differs from the other two. Also invoking Rule 41(a)(1), plaintiff and Trans Union's counsel signed and filed something they call a "Stipulation of Dismissal with

Prejudice of All Plaintiff's Claims Against [Trans Union] Only." Doc. 17. This filing provides that plaintiff and Trans Union "agree and stipulate to the dismissal WITH PREJUDICE of the above-captioned action, including all of Plaintiff's claims against" Trans Union. *Id.*

Because two of plaintiff's dismissal filings did not comport precisely with Rule 41, the court has examined the rule closely.[1] This examination led the court to a question far more nuanced than it anticipated. Namely, in a multi-defendant case, how can a plaintiff dismiss the claims against some but not all of the defendants? This led the analysis to the Circuit's holding in *Gobbo Farms & Orchards v. Poole Chemical Co.*, 81 F.3d 122 (10th Cir. 1996). There, the Tenth Circuit held that Rule 41(a) "speaks to dismissal of an action, [and] not just a claim within an action." *Id.* at 123. It explained this holding by observing that the plaintiff "offer[ed] no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of [fewer] than all claims in an action." *Id.*

The district courts in the Circuit have interpreted *Gobbo Farms*'s language differently. Some, like the District of Colorado in *Carnett v. Watts*, hold that, though "[t]here is uncertainty in the Tenth Circuit whether Fed. R. Civ. P. 21 . . . or 41 . . . applies to the dismissal of a party from an action involving more than one defendant," "in most instances . . . it is immaterial whether the dismissal is effectuated under Rule 21 or 41." No. 15-cv-02437-RM-KMT, 2016 WL 705986, at *1 (D. Colo. Feb. 23, 2016) (citations omitted). And others, like the District of Utah in *Van Leeuwen v. Bank of America*, hold that *Gobbo Farms*'s holding is limited to dismissing claims, not parties, and so "*Gobbo* should not . . . block [a] plaintiff's use of Rule 41(a)(1)(A)(i) to dismiss all claims against" fewer than all defendants. 304 F.R.D. 691, 696–97 (D. Utah 2015).

---

[1] A puzzling aspect of all three filings is how they describe their dismissing effect. Each one asserts that it is dismissing "the action" but goes on to explain that it dismisses only plaintiff's claims against a particular defendant. In short, the filings appear to dismiss the entire case but then limit the dismissal just to certain claims.

Our court has considered the issue addressed in *Gobbo Farms* several times. Three years before that decision, a Kansas case predicted *Gobbo Farms*'s holding in *Campbell ex rel. Jackson v. Hoffman*, and then proceeded to discuss whether parties could use Rule 41(a) to dismiss just one party in a multi-defendant case. 151 F.R.D. 682, 684 (D. Kan. 1993). In that case, Judge Rogers explained that "courts and . . . commentators have been more willing to accept the argument that Rule 41 can be utilized to dismiss one defendant or some, but not all, defendants," and added that he agreed with this use of Rule 41. *Id.* (citations omitted). But, Judge Rogers also noted that he didn't need to "employ such a tactic" because he had already granted the plaintiff's request to dismiss the claims at issue under Rule 15. *Id.*[2]

After *Gobbo Farms*, as one would expect, our court consistently has noted that Rule 41 does not apply to dismissals of fewer than all claims. *See, e.g.*, *Carpenter v. The Boeing Co.*, 223 F.R.D. 552, 556 (D. Kan. 2004) (Rule 41(a)(2) "provides for dismissals of actions, not claims" (citations omitted)), *aff'd*, 456 F.3d 1183 (10th Cir. 2006); *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2011 WL 2174919, at *2 (D. Kan. June 3, 2011) ("Rule 41 applies only to the dismissal of an entire action and not merely the dismissal of a claim." (citation omitted)); *Baxter State Bank v. Bernhardt*, No. 96-2460-JWL, 1998 WL 164631, at *3 n.3 (D. Kan. Mar. 3, 1998) (declining to address the question because the parties did not raise it, but noting that Rule 41 does not apply to dismissal of fewer than all claims).

So, the current case comes to the court in this posture: Plaintiff wants to stop litigating with three of the four defendants she originally sued. Surely our rules permit—and even support—such a laudable outcome. But binding precedent casts doubt on the parties' ability to

---

[2] This court also considered whether Rule 41 applies to a plaintiff's request to dismiss fewer than all claims in *In re Wyoming Tight Sands Anti Trust Cases*, 128 F.R.D. 121 (D. Kan. 1989). There, Judge Saffels decided to apply Rule 15 instead of Rule 41(a)(2). *Id.* at 123.

3

use the procedural mechanism that they have chosen. Hoping to bring a pragmatic and efficient solution to this dilemma, the court rules as follows.

First, the court, in its discretion, elects to construe Docs. 16, 17, and 18 as motions to amend plaintiff's Complaint to omit her claims against defendants Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC. Given the relaxed standard applied by Rule 15 to such requests so early in a case, the court grants the request to amend. Plaintiff may eliminate defendants and claims at issue in the case by filing an amended complaint within 14 days of the date of this Order. This amended complaint properly may omit all claims against the three defendants who plaintiff, in Docs. 16 through 18, has agreed may depart from this case.

Second, the court is aware that the agreement between plaintiff and Trans Union, LLC contemplates a conclusion with prejudice to plaintiff's claims with that defendant. Whether an amended complaint that omits Trans Union, LLC as a defendant in this action will give effect to the spirit of those parties' agreement is a consideration that the court must entrust to them. For the court to address that concern now as something of an anticipated hypothetical would engage the court improperly in the forbidden business of giving advisory opinions. *See Norvell v. Sangre de Criso Dev. Co., Inc.*, 519 F.2d 370, 375 (10th Cir. 1975) ("It is fundamental that federal courts do not render advisory opinions . . . ." (citations omitted)).

**IT IS SO ORDERED.**

**Dated this 11th day of April, 2017, at Topeka, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**